JAMES DENNIS JORDAN, Plaintiff-Appellant, *v.*
ROBERT RITA and E. F. NILSON, INC., dba EDWIN F.
NILSON CONTRACTOR, INC., a Hawaii corporation,
Defendants-Appellees

NO. 8968

(CIVIL NO. 2758)

SEPTEMBER 30, 1983

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ.,
AND ASSOCIATE JUDGE TANAKA
ASSIGNED BY REASON OF VACANCY

*Per Curiam.* Is a general contractor who has been obligated
under our workers' compensation scheme to assume the
responsibility of paying benefits to an injured employee of an
uninsured subcontractor still subject to possible tort liability
for the injury? Because the subcontractor's failure to furnish
benefits made the general contractor the employer of the
injured employee for compensation purposes, the compensa-
tion statute provided the employee's exclusive remedy against
the general contractor or his employees. We thus affirm the
award of summary judgment by the Circuit Court of the Fifth
Circuit to Defendants-appellees Robert Rita and Edwin F.
Nilson Contractor, Inc. (Nilson) in the negligence action
brought by James Dennis Jordan (Jordan).

I.

The dispositive facts are simple and uncontested. Nilson was the general contractor for a construction project at Waipouli, Kauai, and KMF Guard Service (KMF) supplied the necessary guard and related services at or near the construction site under a subcontract. Jordan was employed by KMF as a guard and sustained an injury while directing traffic near the site; he suffered the work injury when he was hit by a front loader driven by Robert Rita, a Nilson employee.

KMF, however, had neglected to secure the payment of workers' compensation benefits to its employees by insuring such payment with an insurance company or by any other means permitted under the compensation law. *See* HRS § 386-121(a). Jordan, therefore, was compelled to look elsewhere for the compensation due and filed a claim therefor with the Director of Labor and Industrial Relations.

After investigating the claim, the Director determined, *inter alia,* that the injury sustained by Jordan was a compensable work injury under HRS Chapter 386, KMF had not secured the payment of compensation to its employees through insurance or any other method, and Nilson, who had contracted with KMF for the services that were being performed by Jordan when he was injured, was also his employer for purposes of the compensation law. Consequently, the Director ordered Nilson and its insurance carrier to pay Jordan's medical and rehabilitation expenses and the periodic benefits mandated by the law.

Jordan subsequently instituted a negligence action in the Circuit Court of the Fifth Circuit against Robert Rita and Nilson, seeking tort damages for the same injury. But the defendants successfully sought summary judgments in their favor, and Jordan's appeal to this court followed.

II.

The issue before us is one of statutory interpretation, and the pertinent provisions are the paragraph of HRS § 386-1 that reads:

Whenever an independent contractor undertakes to

> perform work for another person pursuant to contract, express or implied, oral or written, the independent contractor shall be deemed the employer of all employees performing work in the execution of the contract, including employees of his subcontractors and their subcontractors. However, the liabilities of the direct employer of an employee who suffers a work injury shall be primary and that of the others secondary in their order. An employer secondarily liable who satisfies a liability under this chapter shall be entitled to indemnity against loss from the employer primarily liable.

and HRS § 386-5, which provides:

> The rights and remedies herein granted to an employee or his dependents on account of a work injury suffered by him shall exclude all other liability of the employer to the employee, his legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

Jordan argues the foregoing provisions should not shield Nilson from suit, even though it has paid him compensation. We cannot agree.

### A.

A statutory employer's liability in tort is not a question of first impression, for the issue before us in *Fonseca v. Pacific Construction Co.,* 54 Haw. 578, 513 P.2d 156 (1973), was "whether our workmen's compensation system removes all common law rights of action on the part of a worker who has received a compensable injury against a third person other than his direct employer whose misconduct has caused such injury." *Id.* at 579, 513 P.2d at 157. The general contractor (also known as an "independent contractor" in the jargon of workers' compensation), argued there that it was not subject to suit because HRS § 386-1 deemed it the employer of its subcontractors' employees and HRS § 386-5 rendered it immune where tort actions brought by employees were concerned.

Though the relevant statutory provisions appeared at first sight to "confer blanket immunity on general contractors," *id.*

at 582, 513 P.2d at 159, we concluded they did not. The policy considerations involved, the lack of "evidence that the legislature ever intended to make workmen's compensation benefits representative of full monetary recovery in the absence of essential prerequisites of coverage [under the law]," and "the maxim that statutes abrogating common law rights must be strictly construed" led us to conclude that "third-party general contractors are not immune to . . . negligence actions . . . [brought by] employees of their subcontractors, absent the incidents of a true employer-employee relationship." *Id.* at 585, 513 P.2d at 160. And on the facts presented, we found no such relationship had come into being; the *quid pro quo* that might have established the necessary relationship and concomitant immunity, we said, was lacking. *Id.* at 583, 513 P.2d at 159.

B.

Under the statute as construed in *Fonseca,* an immunizing relationship "comes into existence . . . when a subcontractor fails to provide benefits." *Id.* The general contractor would then be compelled by HRS § 386-1 to assume an employer's legal duty to pay compensation to an injured employee of the subcontractor, and something would be given in exchange for the protection from suit afforded by HRS § 386-5.

Here, the injury sustained by Jordan was a work injury, his direct employer who was a subcontractor of a general contractor failed to meet the statutory obligation to pay compensation, and the general contractor who was also deemed an employer for purposes of the law satisfied the liability. Thus, Jordan's remedy against Nilson lay exclusively within the confines of the workers' compensation law.[1] *Fonseca v. Pacific Construction Co., supra;* HRS § 386-5; 2A Larson, *The Law of Workmen's Compensation* § 72.31(a), at 14-112 (1982).

---

[1] Although a co-employee is not relieved of his liability as a third party "if the personal injury is caused by his wilful and wanton misconduct," HRS § 386-8, Jordan neither alleged nor argued that Robert Rita acted wilfully and wantonly. The complaint alleged Rita "was acting in the course and scope" of his employment with Nilson when he "negligently" operated the front loader and caused the injury.

Finding no error in the award of summary judgment, we affirm the judgment of the circuit court. *Hulsman v. Hemmeter Development Corp.,* 65 Haw. 59, 61, 647 P.2d 713, 716 (1982); *Miller v. First Hawaiian Bank,* 61 Haw. 346, 349, 604 P.2d 39, 41 (1979).

*Ted A. Chihara (Shiraishi & Yamada,* of counsel) for appellant.

*Walter Davis (Paul T. Yamamura* with him on the brief; *Davis, Playdon, Reid & Richards,* of counsel) for appellee.